```
               IN THE UNITED STATES DISTRICT COURT

            FOR THE EASTERN DISTRICT OF CALIFORNIA
                                    )
LEE PEYTON, #V-14724,               )  Civ. No. 2:08-00639 HWG
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
TOM FELKER; PERRY; SPEHLING;        )
D. HITT; SCHIRMER; CASEY;           )
BARNES; PLAINER; HITCHCOCK;         )
STATTI; SPANGLE; CULLISON;          )
INGWERSON; GULLION; KOENIG;         )
BEAUMILLER; FLORES; PUNT;           )
SHRUM; and TILTON,                  )
                                    )
          Defendants.               )
```

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Lee Peyton filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He alleges that while incarcerated at High Desert State Prison, Defendant prison officials used excessive force against him, denied him adequate medical care, prohibited him from presenting witnesses at disciplinary hearings, and retaliated against him for filing complaints and practicing his religion.

Plaintiff's First Amended Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), with leave to amend.

**STATUTORY SCREENING OF THE COMPLAINT**

Federal district courts are required to screen cases in

1

which prisoners seek redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim on which relief may be granted if it appears that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the

2

allegations of the complaint, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true, however, the plaintiff's conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); Lopez, 203 F.3d at 1131 n.13.

## ANALYSIS

To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

3

deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); West v. Atkins, 487 U.S. 42, 48 (1988). Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. Lovell v. Poway Unified School District, 90 F.3d 367, 370-71 (9th Cir. 1996).

**A.   Plaintiff's Eighth Amendment Claims Are Dismissed, With Leave To Amend**

Plaintiff alleges that Defendants Gullion, Flores, Koenig, Beaumiller, and Punt violated his rights under the Eighth Amendment to the United States Constitution. (First Amended Complaint at ¶¶ 1-3, Doc. 19.)

**1.   Plaintiff's Eighth Amendment excessive force claims**

An officer's use of excessive force violates the Eighth Amendment only when the inmate is subjected to the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). To decide whether force inflicts "unnecessary and wanton" pain, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of

4

a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal citations omitted).

A prison official may also violate the Eighth Amendment by failing to intervene when fellow officers use excessive force. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (internal citations omitted).

> **a. Plaintiff's Eighth Amendment excessive force claims against Defendants Gullion, Beaumiller, and Koenig are dismissed, with leave to amend**

Plaintiff alleges that on November 11, 2006, while being escorted between cells, Defendant Gullion placed Plaintiff in restraints, which cut off his blood circulation. (First Amended Complaint at ¶ 1.) Plaintiff also alleges that Defendants Beaumiller and Koenig witnessed Defendant Gullion's actions but failed to intervene. (Id.)

Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim for excessive force. He does not describe the extent of the injury suffered, besides the temporary cutting off of blood circulation, and he does not allege that being placed in restraints was unnecessary to maintain discipline. He also fails to allege that Defendants Beaumiller and Koenig, as witnesses, were aware of his pain or that any of the three Defendants acted maliciously or sadistically. Plaintiff's claims against Defendants Gullion, Beaumiller, and Koenig are dismissed, with leave to amend.

5

### b. Plaintiff's Eighth Amendment excessive force claim against Defendant Flores is dismissed, with leave to amend

Plaintiff alleges that on August 4, 2007, Defendant Flores pushed him, causing Plaintiff to sustain a "laceration to his right hand middle finger." (First Amended Compl. at ¶ 2.)

Plaintiff fails to allege sufficient facts to state an Eighth Amendment claim for excessive force. He does not describe the extent of the injury suffered, besides the laceration itself, and he does not allege that Defendant Flores acted maliciously or sadistically. Plaintiff's claims against Defendant Flores are dismissed, with leave to amend.

### c. Plaintiff's claims against Defendants Plainer and Shrum are dismissed, with leave to amend

Plaintiff alleges that immediately prior to the August 4, 2007 pushing incident, Defendant Plainer ordered Defendant Shrum not to make copies of legal exhibits related to this case. (First Amended Compl. at ¶ 2.)

It is unclear whether these allegations are background for the August 4, 2007 pushing incident, or a separate cause of action. Plaintiff fails to allege whether he was later permitted to make copies, whether these actions violated his constitutional rights, or whether Defendants lacked a legitimate correctional goal in prohibiting him from copying documents. To the extent Plaintiff intends to allege a separate cause of action against Defendants Plainer and Shrum, his claims are dismissed, with

6

leave to amend.

> **2. Plaintiff's Eighth Amendment inadequate medical care claims against Defendants Flores and Punt are dismissed, with leave to amend**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). This standard contains both subjective and objective components. The subjective component requires proof that officials acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 847 (1994). The objective component requires proof that the deprivation was sufficiently serious. Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

"Deliberate indifference" exists when a prison official knows that an inmate faces a substantial risk of serious harm to his health and fails to take reasonable measures to abate the risk. Farmer, 511 U.S. at 847. Medical needs are "serious" when the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Plaintiff alleges that on August 4, 2007, Defendant Flores refused to contact medical staff to treat Plaintiff's laceration.

7

(First Amended Complaint at ¶ 2.)  Plaintiff also alleges that after being told about the laceration, Defendant Punt refused to conduct a medical injury report.  (Id. at ¶ 3.)

Plaintiff fails to allege sufficient facts that would satisfy either the subjective or objective components of an Eighth Amendment claim for inadequate medical care.  For the subjective component, Plaintiff does not allege that either Defendant Flores or Punt was aware of the seriousness of his injury.  For the objective component, Plaintiff does not allege that his "laceration" was a serious injury, as required by the Eighth Amendment.  Plaintiff's Eighth Amendment claims against Defendants Flores and Punt for failure to provide adequate medical care are dismissed, with leave to amend.

**B.   Plaintiff's Fourteenth Amendment Procedural Due Process Claims Are Dismissed, With Leave To Amend**

Plaintiff alleges that in nine separate disciplinary hearings, he was denied the right to present witnesses, and in some hearings was denied access to evidence or to an investigator.  (First Amended Complaint at ¶¶ 5-8 and 10-15.)  He makes these allegations against Defendants Perry, Felker, Plainer, Statti, Spangle, Tilton, and Ingwerson.  (Id.) Plaintiff also alleges that Defendant Schirmer witnessed and reported an incident that took place on January 18, 2007.  (Id. at ¶ 9.)  Plaintiff alleges that on February 24, 2007, Defendant Schirmer improperly served as a hearing officer in the

8

disciplinary matter arising out of the January 18, 2007 incident.  (Id.)

Prisoners may be entitled to certain due process protections when charged with a disciplinary violation.  Wolff v. McDonnell, 418 U.S. 539, 564-566 (1974).  These protections include the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied on and reasons for the disciplinary action.  Id.

In Sandin v. Conner, the Supreme Court of the United States held that these protections only apply when the disciplinary action leads to a restraint of freedom: (1) that exceeds the prisoner's sentence in "an unexpected manner," such as transfer to a mental hospital or the involuntary administration of drugs; or (2) that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. 472, 484 (1995) (internal citations omitted).  For the second category of restraint of freedom, the Sandin court considered the following factors: (1) whether the disciplinary action resulted in confinement that "mirrored those conditions imposed upon inmates in administrative segregation and protective custody"; (2) the duration of the confinement and the degree of restriction; and (3) whether the confinement affected the duration of the inmate's sentence.  Id. at 486-487.

Plaintiff fails to allege sufficient facts to state a claim

that Defendants violated his Fourteenth Amendment due process rights in any of the nine separate disciplinary hearings. For many of the disciplinary hearings, Plaintiff does not allege that the hearing resulted in any hardship, such as placement in disciplinary or administrative segregation, or that the hearing affected the duration of his sentence. For other disciplinary hearings, Plaintiff alleges that he was placed in administrative segregation, but he fails to allege the duration of his segregation or how the segregation was an atypical or significant hardship. Plaintiff's Fourteenth Amendment due process claims are dismissed, with leave to amend.

**C.   Plaintiff's Retaliation Claims Are Dismissed, With Leave To Amend**

Plaintiff alleges that on separate occasions, Defendants Spehling, Hitt, Casey, Barnes, and Ingwerson retaliated against him by filing false disciplinary reports, after Plaintiff exercised his First Amendment rights to file complaints and advocate for other inmates. (First Amended Complaint at ¶¶ 9-11 and 13-14.)

In Rhodes v. Robinson, the Ninth Circuit Court of Appeals held that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for exercising this right is a constitutional violation. 408 F.3d 559, 566 (9th Cir. 2005) (internal citation omitted). The Rhodes court established five elements of a "viable claim of First Amendment

retaliation" in the prison context: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-568 (internal citations omitted). A prisoner who fails to allege a chilling effect can state a claim by alleging that he suffered some other harm. Id. at 568 n.11 (internal citation omitted).

Plaintiff fails to allege sufficient facts to state a First Amendment retaliation claim against Defendants Spehling, Hitt, Casey, and Barnes. Plaintiff's claims are conclusory. He does not allege that Defendants lacked a legitimate correctional goal in filing disciplinary reports against him, and he does not describe the facts underlying the disciplinary reports. Instead, Plaintiff makes conclusory assertions that the disciplinary reports were "false" or "frivolous." Plaintiff's First Amendment retaliation claims are therefore dismissed, with leave to amend.

**D. Plaintiff's Free Exercise of Religion Claims Are Dismissed, With Leave To Amend**

Plaintiff alleges that on separate occasions, Defendants Hitchcock and Cullison retaliated against him after Plaintiff exercised his First Amendment right to practice his religion. (First Amended Complaint at ¶¶ 12 and 14.)

In Malik v. Brown, the Ninth Circuit Court of Appeals held

11

that prison inmates retain the First Amendment right to free exercise of religion.  16 F.3d 330, 332 (9th Cir. 1994) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)).  The appellate court also held that retaliation claims must satisfy two criteria: (1) the inmate's proffered belief must be sincerely held; and (2) the claim must be rooted in religious belief, not in "purely secular" philosophical concerns.  Id. at 333 (internal citations omitted).  Even if an action impinges on the inmate's right to exercise his religion, the action is valid if it is reasonably related to legitimate penological interests.  Id. at 333-334 (internal citations omitted).

Plaintiff fails to allege sufficient facts to state a free exercise of religion First Amendment retaliation claim against Defendants Hitchcock and Cullison.  Plaintiff's claims are conclusory.  He does not allege that he is practicing any religion or explain how his actions are rooted in those religious beliefs.  He also does not allege that Defendants had no legitimate correctional goal in filing disciplinary reports against him.  Plaintiff's free exercise of religion First Amendment retaliation claims are dismissed, with leave to amend.

## LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt.  As the Court is unable to determine whether amendment to this pleading would

12

be futile, leave to amend is granted.

By January 12, 2010, Plaintiff may submit a Second Amended Complaint to cure the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing the Second Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," and it must be retyped

13

or rewritten in its entirety on the court-approved form and may not incorporate any part of the Original or First Amended Complaints by reference.

Any amended complaint supercedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir. 1992). After amendment, the Court will treat the Original and First Amended Complaints as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the Original or First Amended Complaints is waived if it is not raised again in the Second Amended Complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Plaintiff is further **NOTIFIED** that the First Amended Complaint has been dismissed for failure to state a claim. If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under 28 U.S.C. § 1915(g).[1]

## CONCLUSION

1.  Plaintiff's First Amended Complaint, filed April 1,

---

[1] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

        2009, (Doc. 19), is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), for failure to state a claim on which relief may be granted:

    A.   Plaintiff fails to state an Eighth Amendment excessive force claim against any Defendant, and these claims are **DISMISSED**, with leave to amend;

    B.   Plaintiff fails to state an Eighth Amendment claim for inadequate medical care against any Defendant, and these claims are **DISMISSED**, with leave to amend;

    C.   Plaintiff fails to state a Fourteenth Amendment procedural due process claim against any Defendant, and these claims are **DISMISSED**, with leave to amend;

    D.   Plaintiff fails to state a First Amendment retaliation claim, either in connection with filing complaints or free exercise of religion, against any Defendant, and these claims are **DISMISSED**, with leave to amend;

2.   Plaintiff is given leave to amend and is **GRANTED** up to and including January 12, 2010, to file a Second Amended Complaint curing the deficiencies discussed above. Plaintiff is **NOTIFIED** that the Second Amended Complaint may not add new claims or new defendants that

were not involved in the conduct, transactions, or occurrences set forth in the Original and First Amended Complaints. Fed. R. Civ. P. 15(c). The Second Amended Complaint "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Local Rule 15-220. After amendment, the Court will treat the Original and First Amended Complaints as nonexistent.

3. If Plaintiff fails to file a Second Amended Complaint by January 12, 2010, the Clerk of Court is **DIRECTED** to enter judgment of dismissal of this action with prejudice, clearly stating that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4. The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the First Amended Complaint.

5. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.

16

   The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Plaintiff's Original Complaint named over one hundred Defendants, many of which have been omitted from the First Amended Complaint.  The Clerk of Court is **DIRECTED** to terminate the following Defendants: Arnold Schwarzenegger; Edmond Brown; Leann Chrones; M. McDonald; T. Perez; R. Wong; M. Wright; S. Babich; M. Dangler; D. Jackson; Cummings; Mason; Kelly; T. Lockwood; Lyons; W. Patton; Mimick; A. Audette; Williams; C. Brewer; B.W. Koller; Leighton; J Look; D. Noyes; M. Bortle; K. Hassell; C. Gribel; Kitch; J. Leone; Pillard; McQueen; Barton; B.P. Kalbach; Wilson-Young; T. Moore; B. Rana; Haas; Martinez; S. Doyle; K. Miller; L. Carter; D. Brooks; T. Cobb; E. Bowls; R. Lucas; J. Cook; B. Nichols; K. Swart; Norcoss; B. Sears; P. Judge; J. Hook; O. Smith; B. Hollingsworth; J. Hubbard; Rippetoe; Flice; J. Robinson; Flaherty; J. McGuire; Lysiak; Dr. Kelly; Dr. Murray; G. Speers; Dr. French; E.J. Schirmer; Hernandez; Dr. S.M. Roche; A. David; Hansen;

17

>    D.E. Vanderville; R. Floto; C. Nichols; C. Scott;
>    D.L. Runnels; R. Pimental; P. Enriquez;
>    B. Hollingsworth; K.J. Allen; K. Holmes; McCoy; R.
>    Celis; Rainwater; St. Dennis; C. Lower; Hastey; Murphy;
>    T. Smith; W. Bennett; Ciggibel; Cizin; Kitch; and T.
>    Fannon.
>
> 7. The following Defendants remain:  Tom Felker; Perry;
>    Spehling; D. Hitt; Schirmer; Casey; Barnes; Plainer;
>    Hitchcock; Statti; Spangle; Cullison; Ingwerson;
>    Gullion; Koenig; Beaumiller; Flores; Punt; Shrum;
>    and Tilton.

>    IT IS SO ORDERED.
>    DATED: December 4, 2009, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

PEYTON v. FELKER, *et al.*; Civ. No. 2:08-00639 HWG; **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND.**